Roy Lee PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–97–148–CR.

Court of Appeals of Texas,
Waco.

March 4, 1998.

Rehearing Overruled April 1, 1998.

Janet P. Prueitt, Gatesville, for appellant.

B.J. Shepherd, Criminal District Attorney, Martin L. Peterson, Asst. District Attorney, Meridian, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

A jury convicted Roy Lee Phillips of the offense of felony driving while intoxicated ("DWI"). *See* Tex. Pen.Code Ann. §§ 49.04(a), 49.09(b) (Vernon Supp.1998). Phillips pled true to four prior felony convictions alleged to enhance his punishment to the level of a habitual offender. *Id.* § 12.42(d).[1] The jury assessed punishment at 45 years' confinement in the Texas Department of Criminal Justice, Institutional Division.

Phillips's first point of error asserts that the court abused its discretion in refusing to grant his motion for new trial for obvious errors in the indictment which resulted in an incorrect and unjust sentence. Point of error two alleges that trial counsel was ineffective for failing to object to the indictment before trial. In points of error three and four, Phillips urges that counsel was ineffective for failing to object to the admission of certain evidence and for failing to object to two of the enhancement counts during the punishment phase.

## INDICTMENT

Phillips's first and second points of error respectively allege that a motion for new trial should have been granted because of obvious errors in the indictment and that counsel was ineffective by failing to make pretrial objections to the indictment. Phillips was indicted for felony DWI on September 20, 1996. The indictment alleged four previous DWI convictions dated May 27, 1986, January 5, 1987, January 16, 1990, and October 21, 1991, to elevate the primary offense to a felony. *Id.* § 49.09(b). Phillips concedes that the charge of felony DWI is valid and only two prior DWI convictions are necessary to enhance the offense to a felony. *Id.*

The indictment also alleged four enhancement paragraphs to raise Phillips to the level of an habitual offender. *Id.* § 12.42(d). The

---

1. At the time of the offense, Phillips was punished under Tex. Pen.Code Ann. § 12.42(d)(1). In 1997, the Legislature amended section 12.42(d) by deleting subsection (2) from subsection (d), and by eliminating the subsection (1) designation from the former subsection (d)(1). *See* Act of May 23, 1997, 75th Leg., R.S., ch. 665, § 2, 1997 Tex. Gen. Laws 2247, 2248. The present section 12.42(d) is identical to the former section 12.42(d)(1).

first two enhancement paragraphs alleged previous felony convictions for burglary of a vehicle and burglary of a building. These offenses do not meet the chronological sequencing requirement of section 12.42(d) because the second felony offense did not occur after the first felony became a final conviction. *Id.* Therefore, they only enhanced Phillips to the level of a repeat offender. *See* TEX. PEN.CODE ANN. § 12.42(a)(3) (Vernon Supp.1998). The State re-alleged the prior DWI convictions of January 16, 1990, and October 21, 1991, in the third and fourth enhancement paragraphs in an apparent attempt to make Phillips a habitual offender.

Phillips correctly argues that the State cannot use prior DWI convictions as elements of the primary offense and for enhancement purposes. Penal Code section 49.09(f) states:

> A conviction may be used for purposes of enhancement under this section or enhancement under Subchapter D, Chapter 12, but not under both this section and Subchapter D [TEX. PEN.CODE ANN. § 12.41 et. seq.].

*Id.* § 49.09(f). In Phillips's case, the January 16, 1990, and October 21, 1991, DWI convictions were used as elements of the primary offense of felony DWI under section 49.09(b). The two prior convictions were then re-used to make Phillips a habitual offender under section 12.42(d). The indictment clearly violates section 49.09(f).

Phillips's counsel did not object to the defective indictment prior to trial and therefore waived any complaint regarding the defective indictment. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.1998). Accordingly, we overrule the first point of error. However, we will sustain the second point of error based on ineffective assistance of counsel.

In assessing the effectiveness of counsel during the guilt-innocence phase of trial, we apply the test set forth by the Supreme Court in *Strickland v. Washington.* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Ex parte Jarrett,* 891 S.W.2d 935, 938 (Tex.Crim.App.1994). *Strickland* requires us to determine whether: (1) counsel's perfor-

mance was deficient; and if so, (2) whether there is a reasonable probability the results would have been different but for counsel's deficient performance. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

Failure of an attorney to review the law and the facts of a case amounts to ineffective assistance of counsel. *See Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App. 1990). Further, failing to object to the improper use of a conviction for enhancement purposes is ineffective assistance of counsel. *See Ex parte Felton,* 815 S.W.2d 733, 736 n. 4 (Tex.Crim.App.1991).

Phillips's trial counsel failed to file a motion to quash the indictment because of the improper use of the January 16, 1990, and October 21, 1991 DWI convictions as elements of the primary offense and for enhancement purposes. *See* TEX. PEN.CODE ANN. § 49.09(f) (Vernon Supp.1998). Therefore, trial counsel's performance was deficient. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. As a result of counsel's failure to file a motion to quash the defective indictment, Phillips was improperly subjected to a habitual offender punishment range of twenty-five to ninety-nine years or life. *See* TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp. 1998). Without the prior DWI convictions, Phillips would have been subject only to the repeat offender punishment range of two to twenty years. *Id.* § 12.42(a)(3). Phillips was sentenced to forty-five years which far exceeds the permissible punishment range of two to twenty years.

From this evidence, we conclude there is a reasonable probability the results would have been different but for counsel's deficient performance. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Without counsel's deficient performance, Phillips would have been subject only to a maximum punishment of twenty years. Accordingly, we sustain Phillips's second point of error. Having sustained Phillips's second point, we need not address his third and fourth points of error.

We reverse the judgment of the trial

court and remand for a new trial.[2]

---

**2.** The parties suggest that this cause should be remanded for a new trial on punishment only pursuant to article 44.29(b) of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1998). However, the error in this cause occurred prior to trial and does not fit the requirements of article 44.29(b). *See Dixon v. State,* 932 S.W.2d 567, 570 (Tex.App.— Tyler 1995, no pet.). Accordingly, we remand this cause for a new trial on guilt-innocence and punishment.