**Roy Lee PHILLIPS, Appellant,**

v.

**The STATE of Texas.**

**No. 731–98.**

Court of Criminal Appeals of Texas, En banc.

May 26, 1999.

---

**492**

Janet P. Prueitt, Gatesville, for appellant.

Martin L. Peterson, Assist. DA, Meridian, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

WOMACK, J., delivered the opinion for a unanimous Court.

The Appellant was convicted of driving while intoxicated (DWI), a felony. DWI is a felony only "if it is shown ... that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle [or an aircraft or a watercraft] while intoxicated." Penal Code § 49.09(b). Felony DWI is a felony of the third degree (*ibid.*), which is punishable by imprisonment for not more than 10 years or less than 2 years and a fine not to exceed $10,000 (*id.*, § 12.34).

The indictment of the appellant for felony DWI alleged four prior DWI convictions. These DWI convictions were from 1986, 1987, 1990, and 1991. Although it is clear from the statute that the State needed to show only two prior DWI convictions to convict the appellant of felony DWI, the State charged the additional DWI convictions to provide alternatives in case the jury did not accept one of the convictions. State's Petition for Discretionary Review, at 3.

The State also sought to prove that the appellant was an habitual felony offender, that is, a person who is shown to have "previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." Penal Code § 12.42(d)(1). If a person who is guilty of a third-degree felony, such as felony DWI, is an habitual felony offender, the person may be punished by imprisonment for life or for any term of not more than 99 years or less than 25 years. *See ibid.*

The indictment of the appellant alleged that before committing the felony DWI he had been convicted of four felony offenses: DWI in 1991, DWI in 1990, burglary of a building in 1984, and burglary of a vehicle

in 1983. Showing that the appellant had been convicted of the two burglaries would not show that he was an habitual felony offender, because the 1984 offense did not occur after the appellant's conviction for the 1983 offense became final, as section 12.42(d) requires. To succeed in showing that the appellant was an habitual felony offender, the State would have to show at least one of the DWI convictions.

These 1990 and 1991 DWI convictions, one of which was necessary to show that the appellant was an habitual felony offender, had also been alleged to show that his DWI was a felony of the third degree.

The appellant did not except to, or move to set aside, the indictment.

After being found guilty of felony DWI, the appellant pleaded true to all four allegations of prior felony convictions, which enhanced his punishment to that for an habitual felony offender. Penal Code § 12.42(d)(1). The jury assessed his punishment at 45 years' imprisonment.

On appeal the Tenth District Court of Appeals reversed the appellant's conviction and remanded for a new trial. The Court of Appeals said that the indictment was defective for using the 1990 and 1991 DWI convictions both to enhance the primary offense of DWI, Penal Code § 49.09(b), and to enhance the punishment under the habitual felony offender statute, section 12.42(d). *Phillips v. State,* 964 S.W.2d 735, 737 (Tex.App.—Waco 1998). The court held that the appellant's trial counsel provided ineffective assistance to the appellant by failing to object to the indictment before trial, causing the appellant to be punished as an habitual felony offender instead of in another, lower range of punishment. *Ibid.* We granted discretionary review.

■ We turn first to the question whether a felony DWI conviction may be used in a felony DWI prosecution to show that a defendant is an habitual felony offender. Such use was not allowed under former DWI statutes. *See Jones v. State,* 796 S.W.2d 183 (Tex.Cr.App.1990) (construing former statute); *Phifer v. State,* 787 S.W.2d 395 (Tex.Cr.App.1990) (same). But the addition of subsection 49.09(f) to the Penal Code in 1995 was made for the evident purpose of allowing felony DWI convictions to be used to enhance punishment under Chapter 12 of the Penal Code for a DWI offense. *See* George E. Dix and Robert O. Dawson, 42 *Texas Practice—Criminal Practice and Procedure* § 38.80 (Supp.1999). The statute specifically allows a previous conviction for an offense relating to driving, flying, or boating while intoxicated to be used to enhance punishment for repeat and habitual offenders. *See* Penal Code 49.09(f).[1]

■ The same statute makes it clear that the 1990 and 1991 DWI convictions could not have been used both to enhance the primary DWI offense to a felony and to enhance the punishment under the habitual felony offender statute. Section 49.09(f) allows such a previous conviction to be used to enhance an offense of driving, flying, or boating while intoxicated from a misdemeanor to a felony, or to enhance the punishment under the repeat or habitual offender statutes, but not for both enhancements.[2]

Therefore either or both of the 1990 and 1991 DWI convictions could have been used to show that the appellant had been previously convicted of an offense related

1. "A conviction may be used for purposes of enhancement under this section [which provides for enhanced offenses for DWI] or enhancement under Subchapter D, Chapter 12 [which provides for enhanced penalties for habitual felony offenders], but not under both this section and Subchapter D." TEX. PENAL CODE § 49.09(f).

2. See n. 1, *supra.*

This subsection was added by the Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2743. It became effective on September 1, 1995. *See id.,* § 85, at 2763. The instant offense was committed on July 4, 1996.

to operating a motor vehicle while intoxicated, which was part of the showing necessary to enhance the instant DWI offense from a misdemeanor to a felony of the third degree; or either or both of the 1990 and 1991 DWI convictions could have been used to show that the appellant had been previously convicted of a felony offense, which was part of the necessary showing that the appellant was an habitual felony offender. And neither of the 1990 or 1991 DWI convictions could have been used for both purposes.

■ But it does not follow that, by not objecting to the indictment, the appellant's counsel failed to render effective assistance of counsel. The standards for a claim that the Sixth Amendment right to counsel was violated were stated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

> As all the Federal Courts of Appeals have now held, the proper standard for attorney performance is that of reasonably effective assistance. ... When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective stan-

dard of reasonableness. [466 U.S. at 687–88, 104 S.Ct. 2052.]

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. [466 U.S. at 690, 104 S.Ct. 2052.]

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. [466 U.S. at 694, 104 S.Ct. 2052.]

The same standards are used to assess claims that the right to counsel in Article I, § 10 of the Texas Constitution was violated at the punishment stage of a noncapital trial. *Hernandez v. State*, 988 S.W.2d 770 (Tex.Cr.App.1999).

The Court of Appeals found that counsel performed deficiently by failing to object to the indictment before trial on the ground that the 1990 and 1991 DWI convictions were being used both to enhance the primary DWI to a felony and to enhance the punishment to that for an habitual felony offender. We shall assume,

without deciding, that the indictment was subject to an objection before trial.[3] Is there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different if counsel had objected? And, if there is not, how should we judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct?

To show that the primary DWI was a felony, the State was required to show that the appellant had been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated. If the appellant had objected to the allegations of the 1990 and 1991 DWI convictions for that purpose, the State could have amended the indictment to eliminate either or both of those allegations, or simply abandoned either or both of them.. At least two other DWI convictions would have remained alleged and, so far as we know, would have been sufficient to show that the primary DWI was a felony.[4]

If the appellant had objected to the allegations of the 1990 and 1991 DWI convictions for the purpose of showing that the appellant was an habitual felony offender, the State could have amended the indictment to eliminate either of those allegations, or simply abandoned either of them. Either of the burglary convictions and either of the DWI convictions would have shown that the appellant was an habitual felony offender. The appellant pleaded that the allegations of all four of the convictions were true.

It seems, therefore, that the appellant has failed to show a reasonable probability that his resulting sentence would have been different. The appellant was eligible for the forty-five year sentence. And, giv-

en that there does not appear to have been a reasonable probability that an objection to the indictment would have made a difference, we do not think it was an unreasonable decision for counsel to have foregone the objection.

Accordingly, we reverse the judgment of the court of appeals and remand the case to that court for a review of the appellant's other points of error.

---

**3.** The statute says that a conviction may not "be used" for both enhancement purposes. Tex. Penal Code § 49.09(f). Whether a conviction has been "used" when it is alleged in an indictment, before evidence of it is offered at trial, is a question we need not decide today.

**4.** The appellant also argues that the convictions upon which the State relies *might* not have been final and thus, *not* available for use under the enhancement statutes. This argument was not presented to the court of appeals, and the decision that we review was not made on this basis.