**Roy Lee PHILLIPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–97–148–CR.**

Court of Appeals of Texas,
Waco.

Oct. 27, 1999.

---

Janet P. Prueitt, Gatesville, for appellant.

B.J. Shepherd, District Attorney, Martin L. Peterson, Asst. District Attorney, Meridian, for appellee.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## O P I N I O N

REX D. DAVIS, Chief Justice.

A jury convicted Roy Lee Phillips of felony driving while intoxicated ("DWI"). *See* TEX. PEN.CODE ANN. §§ 49.04(a), 49.09(b) (Vernon Supp.1999). Phillips pleaded true to enhancement and habitual allegations, and the jury sentenced him to forty-five years' imprisonment. On original submission, this Court held that Phillips's counsel provided ineffective assistance by failing to object to the indictment before trial because it alleges two prior DWI convictions both to elevate the primary offense to a felony and to enhance Phillips's punishment to that for an habitual offender. *Phillips v. State,* 964 S.W.2d 735, 737 (Tex.App.—Waco 1998). Because of our disposition of this issue, we did not reach Phillips's third and fourth points. *Id.*

On discretionary review, the Court of Criminal Appeals reversed because Phillips failed to show that he was prejudiced by counsel's failure to object to the indictment. *Phillips v. State,* 992 S.W.2d 491, 495 (Tex.Crim.App.1999). The Court remanded the cause to this Court for consideration of Phillips's remaining points. *Id.*

Phillips argues in his third point that counsel provided ineffective assistance by failing to make a hearsay objection to the driving history the State offered in evidence. He contends in his fourth point that counsel provided ineffective assistance by failing to object to the State's use of two prior felony DWI convictions both to elevate the primary offense to a felony and to enhance Phillips's punishment to that for an habitual offender.

Phillips did not first present these claims to the trial court. Accordingly, he did not preserve them for our review. *Gonzalez v. State,* 994 S.W.2d 369, 372–74 (Tex.App.—Waco 1999, no pet.); TEX. R.APP. P. 33.1(a)(1). Therefore, we overrule Phillips's third and fourth points.

We affirm the judgment.