TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00153-CR







Edwin Harris Mann, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 97-454-K368, HONORABLE BURT CARNES, JUDGE PRESIDING








 The jury found appellant guilty of felony driving while intoxicated (DWI). See
Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1999). Also, an affirmative finding was
made on appellant's use of a deadly weapon. Punishment, enhanced by two prior felony
convictions, was assessed by the jury at confinement for fifty years. Appellant originally asserted
five points of error, contending that error occurred in the trial court because:  (1) the jury finding
of a deadly weapon in a felony DWI is not authorized under Texas law; (2) video tapes were not
provided to appellant and were improperly admitted in evidence; (3) an audio tape was improperly
admitted in evidence because it was not provided to appellant; (4) the audio tape was improperly
admitted in evidence because there was no showing of a voluntary waiver of rights; and (5)
appellant was denied a hearing to determine the preliminary question of admissibility of an
extraneous offense. We will affirm.

 On February 14, 1997, Round Rock police officer Roberta Cline was in route to
a magistrate's office to obtain a warrant for appellant's arrest on an assault complaint when she
observed a vehicle in downtown Round Rock that matched the description of appellant's vehicle. 
As she approached appellant's vehicle, appellant drove his vehicle "completely upon the south
curb" before returning to the roadway. Cline stated she called for "back-up" before stopping
appellant because of appellant's reported violence that had resulted in the assault complaint. As
appellant approached a curve at Trinity Nursing Home, appellant drove his vehicle in a straight
line and "almost hit another vehicle head-on. The reason he didn't was because the driver took
evasive action." Fearing that appellant was "going to kill or injure someone," Cline waited no
longer to activate her overhead lights and siren. Other officers had responded to Cline's request
for back-up by the time appellant ultimately brought his vehicle to a stop after turning onto
another street and entering an apartment complex. When appellant exited his vehicle he was
unsteady and leaned on his car for support. His clothes were in disarray and had a "strong odor
of alcohol." Appellant was belligerent and would not obey the officer's request to put his hands
up. Cline and two other officers opined that appellant was intoxicated.

 Mike Kincaid, a police officer with the City of Round Rock, testified that he had
made several hundred DWI arrests. Given the circumstances of the instant case, Kincaid opined
that appellant's vehicle could have caused serious bodily injury or death.

 While appellant does not challenge the sufficiency of the evidence to prove that he
was guilty of DWI, appellant contends that a deadly weapon finding may not be entered where
the defendant is convicted solely of driving while intoxicated. Appellant directs our attention to
Williams v. State, 970 S.W.2d 566 (Tex. Crim. App. 1998), as authority to support his position
that a deadly weapon finding is not authorized in a felony DWI. Our review of Williams reflects
a much narrower holding. The Court of Criminal Appeals held that the court of appeals' finding
that the evidence was insufficient to support a deadly weapon finding should have resulted in
deleting the deadly weapon finding rather than ordering a new trial on punishment. See Williams,
970 S.W.2d at 566; see Williams v. State, 946 S.W.2d 432, 436 (Tex. App.--Fort Worth 1997).

 Appellant argues that the DWI conviction was a misdemeanor at its inception and
was enhanced to a felony by prior convictions. Appellant cites cases where courts have held that
unauthorized possession of a deadly weapon convictions without an associated felony facilitated
by possession will not support a deadly weapon finding. See Narron v. State, 835 S.W.2d 642,
644 (Tex. Crim. App. 1992); Ex parte Petty, 833 S.W.2d 145, 146 (Tex. Crim. App. 1992). We
reject appellant's argument that a DWI with three prior DWI convictions alleged to elevate the
offense to a felony is a misdemeanor at its inception. The prior convictions are elements of the
primary offense under article 49.04(b) of the Texas Penal Code. See Tex. Penal Code Ann.
§ 49.04(b) (West Supp. 1999); Phillips v. State, 964 S.W.2d 735, 737 (Tex. App.--Waco 1998, 
pet. granted). The fact that the priors must be proven beyond a reasonable doubt does not
distinguish them from any other elements of the offense.

 All felonies are susceptible of an affirmative weapon finding for the purposes of
denial of community supervision and limitation of parole eligibility. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 3g(a)(2) (West Supp. 1999), Tex. Gov't Code Ann. § 49.09(b) (West Supp.
1999). Applicable to the instant case, a "deadly weapon" means anything that in the manner of
its use or intended use is capable of causing death or serious bodily injury. See Tex. Penal Code
Ann. § 1.07(a) 17(B) (West 1994).

 The Fort Worth Court of Appeals opinions have considered whether a defendant's
vehicle constituted a "deadly weapon" that the defendant used in committing a felony DWI. In
Williams, noted above for the proper remedy where the evidence is found to be insufficient, the
court held that a deadly weapon finding was not supported by the evidence absent any evidence
that another motorist was on the highway at the time and place the defendant drove in an
intoxicated condition. See Williams, 946 S.W.2d at 434. In Davis v. State, 964 S.W.2d 352, 354
(Tex. App.--Fort Worth 1998, no pet.), the court distinguished Williams in holding that there was
evidence to support a "deadly weapon" finding in a felony DWI. The court noted that the
testimony showed that the defendant weaved and drove in the oncoming lane of traffic resulting
in another vehicle having to take "evasive action" to avoid a collision. Id. at 354.

 In the instant cause, the pivotal question is whether, upon the evidence in the
record, the vehicle that appellant drove should be classified as a "deadly weapon" because of the
manner of its use or intended use while appellant committed the felony DWI. To sustain a
conviction requires evidence that others could have been endangered by the actual presence of
others rather than the hypothetical potential for danger if others had been present. In the instant
cause, testimony shows that appellant "almost hit another vehicle head-on" when appellant's
vehicle crossed the center line. The reason a collision did not occur was because the oncoming
vehicle took "evasive action." Opinion testimony by an officer experienced in reconstructing
accidents showed that a collision under the circumstances was capable of causing death or serious
bodily injury. We hold that there is sufficient evidence to authorize the "deadly weapon" finding. 
Appellant's first point of error is overruled.

 In his second point of error, appellant contends that two videotapes taken after his
arrest were improperly admitted because they were not provided to appellant pursuant to the
provisions of Code of Criminal Procedure article 38.22(3)(A)(5) within the twenty- day time
period. No oral statement made as a result of custodial interrogation shall be admissible against
the accused unless "not later than the 20th day before the date of the proceeding, the attorney
representing the defendant is provided with a true, complete and accurate copy of all recordings
made under this article." Tex. Code Crim. Proc. Ann. art. 38.22(3)(A)(5) (West Supp. 1999).

 Following a hearing outside the presence of the jury, the redacted second tape, was
exhibited to the jury. Our review of the tape shows Officer Cline asking appellant to perform a
sobriety test by walking a marked triangle on the floor of the police station. Appellant was
uncooperative, unsteady on his feet, and at one point fell on the floor. Appellant partially walked
the marked area on two occasions after continually asking the officers to perform the test. 

 A distinction is made between a defendant reciting the alphabet or performing other
sobriety tests, as opposed to a defendant undergoing an interrogation by being asked whether he
was driving a car, how much he had to drink, and when he last ate a meal. See Wright v. State,
932 S.W.2d 572, 575 (Tex. App.--Tyler 1995, no pet.). Police requests that suspects perform
sobriety tests and directions on how to do the tests do not constitute custodial interrogation. See
Jones v. State, 795 S.W.2d 171, 176 (Tex. Crim. App. 1990). Our review of the video tape
shows that there was no custodial interrogation subject to the provisions of article 38.22. 
Accordingly, we hold that the trial court did not err when it admitted the video tape in evidence.

 In his third point of error, appellant contends that the trial court erred in admitting
an audio tape made while appellant was being transported to the police station because the tape
was not provided to appellant as required by article 38.22(3)(5) of the Code of Criminal
Procedure. The testimony of the officers shows that the audio recording was activated when
appellant persisted in hitting his head against the divider between the back and front seats and
stating "Y'all are beating the hell out of me." Our review of the tape reflects bumping sounds
and the officers telling appellant to stop. Appellant asked numerous times why he was being
arrested and each time the officers advised him it was for the offense of driving while intoxicated. 
Appellant would always reply, "I don't understand." On one occasion when appellant stated they
were "beating the hell out of me" the officers asked who was in the back seat with him, and
appellant responded a "lawyer." Appellant's speech was slurred and he continued talking despite
one of the officers reminding him that under the warning he had been given that he did not have
to say anything.

 Our review of the audio tape reflects no custodial interrogation that would require
compliance with article 38.22. We hold that the trial court did not err in admitting the audio tape. 
Point of error three is overruled. Our disposition of point of error three is dispositive of
appellant's fourth point of error.

 In his fifth point of error, appellant contends the trial court erred in denying him
a hearing under Texas Rule of Evidence 104 to determine the preliminary question of the
admissibility of extraneous offenses during the punishment phase of the trial. The prosecutor
advised the court that he intended to offer testimony of the following:


Mr. McDonald: I'm also planning on calling a woman by the name of Tina
Questel . . . who is the defendant's ex-wife who I believe is
going to testify as to some physical abuse that she suffered at
the hands of the defendant while they were married, as to his
drug usage, as to going as far as selling all the furniture out of
the house at one point to buy drugs.



 Before Questel was called as a witness, defense counsel asked for a hearing outside
the presence of the jury to have the trial court "determine independently prior to the jury hearing
whether or not the court finds beyond a reasonable doubt that the charge would be true," a request
the trial court denied. Questel, married to appellant during the eighties and mother of two of his
children, testified to appellant breaking her jaw, "beating the tar out of her," and striking her so
hard with a rod that she could not get up from the floor. In addition, Questel testified to
appellant's excessive use of alcohol and other substances.

 In Mitchell v. State, 931 S.W.2d 950 (Tex. Crim. App. 1996), the court held that
the trial court has the responsibility of determining the threshold admissibility of extraneous
offenses at the punishment phase; however, the jury as the exclusive judge of the facts is to
determine whether the State has proved the extraneous offenses beyond a reasonable doubt and
should be so instructed when requested. Id. at 954. In the instant cause, the trial court instructed
the jury that it could not consider the evidence of an extraneous crime or bad act unless the State
had proven the extraneous acts beyond a reasonable doubt.

 Our research reflects that Welch v. State, 993 S.W.2d 690 (Tex. App.--San Antonio
1999, no pet.), is the only case that considered a similar issue. Like the instant cause, Welch
contended that the trial court erred during the punishment stage by admitting evidence of
extraneous offenses without first hearing the evidence outside the jury's presence to determine
whether the State had proved the offense beyond a reasonable doubt. The State made a written
proffer of how it would prove Welch assaulted four other victims. The defendant's request for
a hearing outside the presence of the jury was denied. The trial court later ruled that the State's
written proffer satisfied the requirements of Texas Code of Criminal Procedure article 37.07. 
Witnesses testified as to the extraneous offenses, and the trial court instructed the jury it could not
consider the extraneous offenses unless it believed the State proved them beyond a reasonable
doubt. The Welch court held, "Neither the statute nor precedent require a hearing. . . . Even if
the trial court erred, there was no harm." Id. at 697. The court further noted that appellant did
not argue that the State failed to prove the offenses beyond a reasonable doubt. Id.

 In the instant cause, as in Welch, no objection was made at trial under Rule 104, (1)
urged by appellant for the first time on appeal. While the trial court made no express ruling on
the admissibility of the extraneous offenses, its denial of appellant's request for a hearing
following the State's proffer constitutes an implied ruling of admissibility. In Welch and in the
instant cause, the trial court gave the proper jury instruction on burden of proof of extraneous
offenses. Like Welch, appellant does not contend that the State failed to prove the extraneous
offenses beyond a reasonable doubt. An appellate court reviews the trial court's decision to admit
extraneous offense evidence under the abuse of discretion standard. See Mitchell, 931 S.W.2d
at 953. We hold that the trial court's refusal to hold a hearing outside the presence of the jury on
the admissibility of extraneous offense evidence resulted in no harm to appellant. No abuse of
discretion is shown in the trial court's admission of evidence of extraneous offenses. Appellant's
fifth point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: December 16, 1999

Do Not Publish




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Texas Rule of Evidence 104(a)(b) provides that preliminary questions concerning
admissibility of evidence should be determined by the court, subject to provision (b). Rule 104(b)
provides:


Relevancy Conditioned on Fact. When the relevancy of evidence depends
upon the fulfillment of a condition of fact, the court shall admit it upon, or
subject to, the introduction of evidence sufficient to support a finding of the
fulfillment of the condition.



lity of determining the threshold admissibility of extraneous
offenses at the punishment phase; however, the jury as the exclusive judge of the facts is to
determine whether the State has proved the extraneous offenses beyond a reasonable doubt and
should be so instructed when requested. Id. at 954. In the instant cause, the trial court instructed
the jury that it could not consider the evidence of an extraneous crime or bad act unless the State
had proven the extraneous acts beyond a reasonable doubt.

 Our research reflects that Welch v. State, 993 S.W.2d 690 (Tex. App.--San Antonio
1999, no pet.), is the only case that considered a similar issue. Like the instant cause, Welch
contended that the trial court erred during the punishment stage by admitting evidence of
extraneous offenses without first hearing the evidence outside the jury's presence to determine
whether the State had proved the offense beyond a reasonable doubt. The State made a written
proffer of how it would prove Welch assaulted four other victims. The defendant's request for
a hearing outside the presence of the jury was denied. The trial court later ruled that the State's
written proffer satisfied the requirements of Texas Code of Criminal Procedure article 37.07. 
Witnesses testified as to the extraneous offenses, and the trial court instructed the jury it could not
consider the extraneous offenses unless it believed the State proved them beyond a reasonable
doubt. The Welch court held, "Neither the statute nor precedent require a hearing. . . . Even if
the trial court erred, there was no harm." Id. at 697. The court further noted that appellant did
not argue that the State failed to prove the offenses beyond a reasonable doubt. Id.

 In the instant cause, as in Welch, no objection was made at trial under Rule 104, (1)
urged by appellant for the first time on appeal. While the trial court made no express ruling on
the admissibility of the extraneous offenses, its denial of appellant's request for a hearing
following the State's proffer constitutes an implied ruling of admissibility. In Welch and in the
instant cause, the trial court gave the proper jury instruction on burden of proof of extraneous
offenses. Like Welch, appellant does not contend that the State failed to prove the extraneous
offenses beyond a reasonable doubt. An appellate court reviews the trial court's decision to admit
extraneous offense evidence under the abuse of discretion standard. See Mitchell, 931 S.W.2d
at 953. We hold that the trial court's refusal to hold a hearing outside the presence of the jury on
the admissibility of extraneous offense evidence resulted in no harm to appellant. No abuse of
discretion is shown in the trial court's admission of evidence of extraneous offenses. Appellant's
fifth point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: December 16, 1999

Do Not Publish




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Texas Rule of Evidence 104(a)(b) provides that preliminary questions concerning
admissibility of evidence should be determined by the court, subject to provision (b). Rule 104(b)
provides:


Relevancy Conditioned on Fact. When the relevancy of evidence depends
upon the fulfillment of a condition of fact, the court shall admit it upon, or
subject to, the introduction of evidence sufficient to support a finding of the
fulfillment of the condition.