Tommy Dale Foster v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-041-CR

     TOMMY DALE FOSTER,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 23752CR
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury found Tommy Dale Foster guilty of felony driving while intoxicated. See Tex. Pen.
Code Ann. §§ 49.04, 49.09 (Vernon 1994 & Supp. 1999). He elected to have the court assess
punishment and was sentenced to ten years’ imprisonment plus a $10,000 fine. He appeals from
alleged error in the punishment phase of trial.


 
 
 
EFFECTIVE ASSISTANCE OF COUNSEL
      In issues one through three and six through eight, Foster complains that he was denied the
effective assistance of counsel. It is undisputed that these claims were not presented to the trial
court in a motion for new trial or otherwise. We have determined that ineffective-assistance-of-counsel claims must be presented to the trial court to be preserved for appellate review. Gonzalez
v. State, 994 S.W.2d 369, 372-74 (Tex. App.—Waco 1999, no pet.) (citing Tex. R. App. P.
33.1(a)). Foster relies, however, on Rule 21.2 of the Rules of Appellate Procedure, which states:
“A motion for new trial is a prerequisite to presenting a point of error on appeal only when
necessary to adduce facts not in the record.” Tex. R. App. P. 21.2. We believe that our position
in Gonzalez is consistent with Rule 21.2 in that counsel’s explanations of trial strategy or reasons
for actions taken or not taken can only be adduced in a post-trial hearing. 
      After our decision in Gonzalez, the Court of Criminal Appeals’ decided Thompson v. State,
where the Court held that “any allegation of ineffectiveness must be firmly founded in the record,
and the record must affirmatively demonstrate the alleged ineffectiveness.” Thompson v. State,
No. 1532-98, slip op. at 9, 1999 WL 812394, at *4 (Tex. Crim. App. October 13, 1999) (citing
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied, 117 S.Ct. 966
(1997)). The Court found the record silent as to why counsel “failed to object to the State’s
persistent attempts to elicit inadmissible hearsay” and concluded that Thompson “failed to rebut
the presumption this was a reasonable decision.” Id. at 11. Six judges concluded that a habeas
corpus proceeding would “provide an opportunity to conduct a detailed hearing to consider the
facts, circumstances, and rationale behind counsel’s actions at that juncture of trial. Specifically,
a hearing would allow trial counsel himself to explain why no objection was voiced during the
proceedings.” Id. at 12. Thompson reinforces our belief that Gonzalez is correct. Counsel’s
strategy or motives can almost never be determined from the record. 
      Furthermore, the Court of Criminal Appeals held in a recent decision, “Except for complaints
involving fundamental constitutional systemic requirements . . ., all other complaints . . 
 . are waived by failure to comply with Rule 33.1.” Ibarra v. State, No. 72,974, slip op. at 14,
1999 WL 956173, at *7 (Tex. Crim. App. October 20, 1999). The Supreme Court has defined
such requirements in part as those which, when denied, “defy analysis by ‘harmless error’
standards.” Arizona v. Fulminante, 499 U.S. 279, 309-10, 111 S. Ct. 1246, 1265, 113 L.Ed.2d
302 (1991). A complete denial of counsel falls within this category. See Gideon v. Wainwright,
372 U.S. 335, 342-45, 83 S.Ct. 792, 795-97, 9 L.Ed.2d 799 (1963); Marin v. State, 851 S.W.2d
275, 278-79 (Tex. Crim. App. 1993). Ineffective assistance claims are different, however.



      To prevail on an ineffective assistance claim, a defendant must show not only that counsel’s
performance was deficient, but also that he was “prejudiced” (i.e., harmed) by counsel’s
performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d
674 (1984); Phillips v. State, 992 S.W.2d 491, 494-95 (Tex. Crim. App. 1999). Because a
defendant must establish harm to prevail on an ineffective assistance claim, such a claim by
definition does not fit within that category of errors which “defy analysis by ‘harmless error’
standards.” See Fulminante, 499 U.S. at 309, 111 S.Ct. at 1264. Thus, we remain convinced that
an ineffective assistance complaint must be preserved for appeal in accordance with Rule 33.1. 
See Ibarra, slip op. at 14; Gonzalez, 994 S.W.2d at 373.
      Our purpose is not to avoid review of complaints about the ineffectiveness of trial counsel. 
Indeed, we have reviewed properly preserved complaints.


 Rather, we want to encourage the
development of a record upon which such complaints can be realistically evaluated—a record
available only after a hearing on the specific complaint.



      We have recognized that the vehicle of a motion for new trial is “often inadequate because
of time constraints and because the trial record has generally not been transcribed at this point.” 
Gonzalez, 994 S.W.2d at 373 (quoting Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App.
1997)). One solution would be to allow the intermediate courts of appeal to make a preliminary
determination about whether the claim of ineffective assistance of counsel appears to have merit
and, if so, abate the appeal and remand the cause for a hearing on the issue. Such a procedure
would have at least four positive benefits: (1) review of the issue would be benefitted by the
findings of fact and conclusions of the trial judge who heard and saw counsel in the trial of the
case; (2) the interest of the accused would be better protected because of the assistance of appellate
counsel in the development of the record, whereas the accused does not always have the benefit
of counsel in a post-conviction habeas corpus proceeding; (3) the hearing would be held closer in
time to the events of trial than a hearing held in a post-conviction habeas corpus proceeding; and
(4) claims of ineffective assistance of counsel would be determined in the direct appeal process
rather than, as is often now the case, an abortive attempt to resolve the issue on direct appeal and
the later necessity for a habeas corpus proceeding further burdening the Court of Criminal
Appeals.



      Because we reaffirm our holding in Gonzalez, issues one through three and six through eight
are overruled.
MOTIONS TO WITHDRAW
      In his fourth issue, Foster asserts that the court erred in “refusing to grant trial counsel’s
repeated motions to withdraw.” Our review of the record shows that the only motion to withdraw
presented to the court was granted. Issue four is overruled.
SUA SPONTE INTERVENTION
      Foster’s fifth issue complains that the court failed “to act or intervene in any way to stop the
prejudicial conduct of counsel . . . .” He asserts that counsel’s behavior was so outrageous as to
put the court on notice that he was not receiving effective representation. Specifically, Foster is
complaining about information divulged by counsel about why Foster did not appear for an earlier
sentencing hearing. Counsel informed the court that he told Foster when the hearing would occur,
that he received a phone call from Foster the day before the hearing, and Foster said he was in
South Dakota and could not be back in time for the hearing. Counsel further asserted that he
would not “vouch for any of this,” but wanted to explain to the court why his client had not
appeared. 
      On appeal, Foster asserts that counsel disclosed privileged information to the court and that
the court was under a duty to “take corrective action sua sponte” and failed to do so. See Wenzy
v. State, 855 S.W.2d 47, 51 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d). In Wenzy, trial
counsel did not cross-examine any witnesses, did not call any witnesses, and failed to put on any
evidence whatsoever. Id. at 50. The appellate court noted that “the trial court did not take
corrective action sua sponte despite what must have been an obvious absence of defense
advocacy.” Id. at 51. The case was reversed for ineffective assistance of counsel, not for the
failure of the court to intervene. While it may have eliminated an appeal or one issue in the appeal
if the trial court had been proactive, we find no authority to support a need for the trial court to
intervene in the circumstances before us. Issue five is overruled.
CONCLUSION
      Having overruled all of Foster’s complaints, we affirm the judgment.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed December 22, 1999
Publish