# 1470-16

ORIGINAL

TO THE

HONORABLE

COURT OF CRIMINAL APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 21 2016

Abel Acosta, Clerk

From The Texas Court of Appeals,Third District,at Austin Texas

No..03-14-00695-CR

Trial Court No.CR2013-512

FILED IN
COURT OF CRIMINAL APPEALS

Abel Acosta, Clerk

---

## PETITION FOR DISCRETIONARY REVIEW

---

Pro'se Brief

Mr. Paul Daniel Campbell#1962014

X _____

# Table of Content

Index of Authorities..............................A

Statement For Oral Arguments......................A

Statement of Procedural History.................,........A

Ground For Review ...........................A,1,2,3,4

## INDEX of AUTHORITIES

Matthews v. State 830 S.W.2d 342.................................4

Phillips v. State 964 S.W.2d 735.............................3,4

Sanders v. State 715 S.W.2d 771..............................4

## Statement For Oral Arguments

The Petitioner contends that oral arguments should be granted do to the nature of the arguments.

## Statement of Procedural History

Date of offense:

Date of Sentence:

Date of Court of Appeals Affirmation:

## Grounds For Review

1. Did the Court of Appeals err when they ruled his defense counsel was not deficient in failing to object to the State's questions on voir dire?

2. Did the Court of Appeals err when they ruled his counsel was not deficient in failing to object to the State's remarks regarding parole law in closing argument?

3. Did the Court of Appeals err when they ruled Defense counsel was not deficient in failing to obtain an expert to test Campbell's blood sample?

(A)

## Ground (1) One Argument

The Petitioner's contention is that his **Sixth (6) Amendment** of the **United States' Constitution** was violated because he received ineffective assistance of counsel. The Petitioner contends that he received ineffective assistance of counsel because his counselor failed to object to the improper questions by the prose cutor to the prospective jurors on voir dire. The Petitioner contends that the the prosecutor asked the prospective jurors the following improper questions or commitments(1)whether they believed the main purpose of sentencing was rehabilitation,restitution,deterrence,or punishment;(2)had the jurors rank their feelings about a lengthy sentence for a first time offender in an alcohol related offense on a scale of very uncomfortable to very comfortable;(3) what factors from a list of factors they would consider important in punishment;and(4)rank their feelings about whether remorse warrants less severe punishment on a scale of strongly disagree to strongly agree. The Petitioner contends that the prosecutor may question a/any prospective jurors to detect any prejudices or biasness,but any further probing is suggestive on feelings that is not based on the facts of the case. The Petitioner contends that his counselor should have at least clarified what the prosecutor said or should have meant,however,his counselor remained silent or inef fective.

## Ground (2) Argument

The Petitioner's contention is that his **Sixth (6) Amendment**

(1)

of the **United States' Constitution** was violated because he received ineffective assistance of counsel. The Petitioner contends that he received ineffective assistance of counsel because his counselor failed to object to the prosecutor imprpper arguments regarding parole eligibility laws. The Petitioner contends that the prosecutor in the closing argument specifically stated: "You heard the parole eligibility law. And I can't tell you and I can't say what it's going to be for this particular defendant because that's left up to a whole bunch of other people really and his actions... A person that's sentenced to 20 years is eligible to get out at ten years of half that sentence. You can't apply that to him,but y'all can use that existence when detrmining a sentence the existence of those parole eligibility laws." The Petitioner contends that his counselor should have immediately objected to that improper re marks,first those remarks was confusing,the prosecutor stated"I can't tell you and I can't say what it's going to be for this particular defendant because that's left up to a whole bunch of other people really and actions..."the Petitioner counselor should have objected and stated to the jury,by law a person of this crime would be required to do half of their sentence prior of being eligible for parole,however,being eligible for parole does not mean you shall be granted parole. The Petitioner contends that any reasonable counselor would have objected to that improper remarks do to the fact for clarification,nonetheless,counselor failing to object left the impression that being eligible is being granted. The Petitioner contends that he has demonstrated his counselor's ineffectiveness.

(2)

## Ground (3) Three Arguments

The Petitioner's contention is that his **Sixth (6) Amendment** of the **United States' Constitution** was violated because he received ineffective assistance of counsel. The Petitioner contends that his counselor should have objected to the State offering false evidence to the jury that the Petitioner had smoked marijuana on the day of the offense, his counselor should have immediately requested a toxicology report. The Petitioner contends that his counselor's error allowed the jury to consider evidence that was not factual, that error prejudiced and harmed his defense.

## Ground (4) Four Arguments

The Petitioner's contention is that his **Sixth (6) Amendment** of the **United States Constitution** was violated because he received ineffective assistance of counsel. The Petitioner contends that he received ineffective assistance of counsel because his counselor failed to have any type of trial strategy, lay an adequate and sound foundation for a defense. The Petitioner contends that his counselor advised him to plead guilty, outside of the advice there was no meeting between him and his counselor to discuss any type of strategy, defense, or preparation for trial. The Petitioner contends that his counselor did not challenge any of the prosecutor's theories, even if the Petitioner plead guilty by the **Texas Constitution Article Section 10** and the **Sixth (6) Amendment** of the **United States Constitution** his counselor is required to render him effective assistance of counsel.

"Failure of attorney to review law and facts of case amounts

(3)

to ineffective assistance of counsel," please see, <u>Phillips v. State</u> <u>964 S.W.2d 735</u>;

"Defense counsel has duty to conduct thorough independent investigation of facts of crime alleged against his client, regardless of client's representations," please see, <u>Sanders v. State 715 S.W.2d</u> <u>771</u>;

"Attorney's failure to have firm command of facts and law of case can render his performance deficient, for purposes of Sixth Amendment claim," please see, <u>Matthews v. State 830 S.W.2d 342</u>.

## Prayer

The Petitioner prays that this Honorable Court would "GRANT" this **Petition For A Discretionary Review**, by placing him in the position prior of his counselor's errors.

RESPECTFULLY SUBMITTED,

Mr. Paul Daniel Campbell#1962014

Dolph Briscoe Unit
1459 West Highway 85
Dilley, Texas 78017

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00695-CR

Paul Daniel Campbell, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NO. CR2013-512, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## MEMORANDUM OPINION

Paul Daniel Campbell was indicted for the offense of intoxication manslaughter. He pled guilty to that offense and pled true to an allegation in the indictment that a deadly weapon was used in the commission of the offense. A jury found him guilty and assessed his punishment at seventeen years' confinement. The trial court entered a judgment accordingly. In his sole issue on appeal, Campbell claims that his defense counsel rendered ineffective assistance by failing to object to certain questions and comments made by the prosecutor during voir dire and closing argument and by failing to retain an expert to test Campbell's blood sample. For the reasons that follow, we will affirm.

## DISCUSSION

### I. Ineffective assistance of counsel

We apply the *Strickland* test when reviewing claims of ineffective assistance of counsel under the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). To prevail on a claim, an appellant must show by a preponderance of evidence that (1) counsel's representation fell below the standard of prevailing professional norms and (2) there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *Strickland*, 466 U.S. at 687-88, 694; *Nava*, 415 S.W.3d at 307-08. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Mata v. State*, 226 S.W.3d 425, 428 (Tex. Crim. App. 2007).

An undeveloped appellate record will usually prevent the appellant from meeting the first *Strickland* prong, as the reasonableness of counsel's performance can be proven deficient only through facts that do not normally appear in the appellate record. *Id.* at 430. If counsel has not been afforded the opportunity to explain the reasons for his conduct, his behavior will not be found to have been deficient unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Nava*, 415 S.W.3d at 308.

2

## II. Campbell has not shown that he received ineffective assistance of counsel

### A. Defense counsel was not deficient in failing to object to the State's questions on voir dire

Campbell first argues that defense counsel was ineffective in failing to object to alleged commitment questions asked by the prosecutor of the prospective jurors on voir dire. Specifically, he contends that the prosecutor asked improper commitment questions when he (1) asked the jurors whether they believed the "main purpose of sentencing" was rehabilitation, restitution, deterrence, or punishment; (2) had the jurors rank their feelings about a lengthy sentence for a first-time offender in an alcohol-related offense on a scale of "very uncomfortable" to "very comfortable;" (3) asked the jurors what factors from a list of factors they would consider important in punishment; and (4) had the jurors rank their feelings about whether remorse warrants less severe punishment on a scale of "strongly disagree" to "strongly agree." The appellate record is silent as to why counsel failed to object to those questions. However, our review of the record reveals that counsel's conduct was not so outrageous that no competent attorney would have engaged in it. *See Nava*, 415 S.W.3d at 308.

A commitment question attempts to commit a prospective juror to resolve or refrain from resolving an issue a certain way after learning of a particular fact. *Davis v. State*, 349 S.W.3d 517, 518 (Tex. Crim. App. 2011). It generally calls for a "yes" or "no" answer rather than providing a range of options from which jurors may select. *Id.* at 519; *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). By contrast, attorneys are given broad latitude to inquire into the jurors'

3

general philosophies, such as discovering factors that would be important to their deliberations without inquiring as to how those factors would influence their decisions. *Davis*, 349 S.W.3d at 519.

We conclude that the complained-of questions were not improper commitment questions. The State's questions were not binary "yes" or "no" questions, but rather provided the jurors a range of options from which they could choose. *See id.* The questions also did not seek assurances from the jurors or bind them to a position on any issue and instead merely inquired into their general philosophies on the issue of punishment. *See id.* at 518-19 (not error to ask jurors to identify theories of punishment from a list of theories or to discuss factors the jurors considered important to punishment) (citing *Vrba v. State*, 151 S.W.3d 676, 679 (Tex. App.—Waco 2004, pet. ref'd)). Because the State's questions were not improper, defense counsel was not deficient in failing to object to them.

### B. Defense counsel was not deficient in failing to object to the State's remarks regarding parole law in closing argument

Campbell next complains that defense counsel was ineffective in failing to object to remarks the prosecutor made in closing argument regarding parole-eligibility laws. Campbell claims that the remarks constituted an improper application of parole law to him by leading the jurors to believe that he would not serve the full term of the sentenced assessed. The record does not support that contention.

As a general rule, prosecutors are permitted to quote, paraphrase, or explain the law contained in the court's charge unless the prosecutor's statements are inaccurate or contrary to the charge. *See Whiting v. State*, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990). The charge in the present

4

case instructed the jury regarding applicable parole-eligibility law generally and that the jury could not consider how parole law would be applied to Campbell. *See* Tex. Code Crim. Proc. art. 37.07 § 4. In his closing argument, the prosecutor explained parole-eligibility law accordingly:

> You heard the parole [eligibility] law. And I can't tell you and I can't say what it's going to be for this particular defendant because that's left up to a whole bunch of other people really and his actions. . . . A person that's sentenced to 20 years is eligible to get out at ten years of half that sentence. You can't apply that to him, but y'all can use that existence when determining a sentence – the existence of those parole eligibility laws.

That argument did not attempt to instruct the jury as to how parole law would apply to Campbell. *See id.*; *see also Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004) (holding that it is not improper for the prosecutor to ask the jury to take the existence of parole law into account when assessing punishment). Because the prosecutor's argument was not improper, defense counsel was not deficient in not objecting to it.

### C.    Defense counsel was not deficient in failing to obtain an expert to test Campbell's blood sample

At the punishment hearing, it was undisputed that Campbell's blood-alcohol content was .132 at the time of the offense, well over the legal limit of .08. In support of greater punishment, the State introduced evidence that Campbell had also smoked marijuana on the day of the offense. Campbell now complains that defense counsel was deficient in failing to obtain an expert to test Campbell's blood sample taken at the time of the offense for the presence of marijuana. He argues that the test result, if negative, would have refuted that particular piece of aggravating evidence introduced by the State.

5

When assessing the reasonableness of counsel's investigation, the reviewing court must consider whether the evidence known to counsel would lead a reasonable attorney to investigate further. *Ex parte Martinez*, 195 S.W.3d 713, 721 (Tex. Crim. App. 2006). A silent record that provides no explanation for counsel's actions generally will not overcome the strong presumption of reasonable assistance, particularly when an alleged error is an error of omission rather than commission. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Defense counsel is not required to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at punishment. *Freeman v. State,* 167 S.W.3d 114, 117 (Tex. App.—Waco 2005, no pet.) (citing *Wiggins v. Smith*, 539 U.S. 510, 512 (2003)).

The record in this case provides no explanation for counsel's failure to obtain an expert to test Campbell's blood sample. We conclude that Campbell has failed to overcome the strong presumption of reasonable assistance because the record demonstrates that a decision not to seek testing could have been reasonable under the circumstances. *See Thompson*, 9 S.W.3d at 814. Specifically, the record contains substantial evidence showing that the result would have been unfavorable to Campbell: it was undisputed that Campbell had smoked marijuana a few days before the offense; that his glass marijuana pipe was found unbroken outside his vehicle immediately after the offense; and that he had been previously placed on probation for marijuana possession, which was later revoked for marijuana possession. Campbell also testified that he was an "advocate" of marijuana and continued to smoke it after the offense. By contrast, Campbell points to nothing in

the record that would have supported a reasonable belief that testing would have yielded mitigating evidence.[1]

In light of the information available to defense counsel, we find that he could have reasonably concluded that any such testing would not have assisted Campbell at punishment. *See Ex parte Martinez*, 195 S.W.3d at 721; *Freeman*, 167 S.W.3d at 117. Accordingly, we cannot conclude that counsel's alleged failure was so egregious that no effective attorney would have engaged in it. *See Nava*, 415 S.W.3d at 308.

Campbell has failed to rebut the presumption that defense counsel's performance was not deficient. *See Mata*, 226 S.W.3d at 431. Because he has failed to satisfy the first *Strickland* prong, we overrule his sole issue.

## CONCLUSION

We affirm the judgment of conviction.

---

[1] Although Campbell testified at trial that he had not smoked marijuana the day of the offense, nothing in the record shows that defense counsel was aware of Campbell's denial before that time. Further, even had counsel been aware of Campbell's denial at a time in which testing could have been performed, counsel could have reasonably concluded that testing would not have yielded favorable results under the circumstances.

7

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed: November 18, 2016

Do Not Publish

Paul D Campbell # 01662014
Briscoe Unit
1459 West HWY 85
Dilley Tx 78017

Legal Mail

Court of Criminal Appeals Clerk
PO Box 12308
Austin, Tx 78711

78711-230808