Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion issued November
17, 2005


 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00065-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JONATHAN N. MCDONALD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 985521

 

 

 



O P I N I O N

          A
jury convicted appellant Jonathan N. McDonald of aggravated sexual assault of a
child and assessed punishment at seven years’ confinement.  On appeal, McDonald asserts that (1) the
trial court erred in permitting the State to ask an improper commitment
question during voir dire, and (2) the State made improper remarks to the jury
during closing argument at the guilt-innocence phase of the trial.  We affirm.

Facts

          The
complainant in this case is a twelve-year-old boy.  McDonald’s companion, Carlos Ledesma, was
employed with the complainant’s mother at the Red Top Cab Company.  When McDonald and Ledesma lost their video
store business, the complainant’s mother invited them to stay with her family.  The complainant testified that while McDonald
was living with his family, McDonald wrestled with him and grabbed him in his
private area on two separate occasions.

          After
McDonald and Ledesma moved into their own apartment, the complainant stayed
with them during Easter weekend of 2004. 
McDonald and Ledesma took the complainant to a bar and gave him a shot
of alcohol to drink.  Later, McDonald and
Ledesma asked the complainant to come to their bed, and McDonald began touching
the complainant in his private area.  One
of the men removed the complainant’s clothes, and McDonald then pressured the
complainant to insert his penis into McDonald’s anus.  The encounter lasted approximately twenty
minutes.

          The
second incident occurred while the complainant was taking a shower.  McDonald got into the shower with the
complainant and again pressured the complainant to insert his penis into
McDonald’s anus.  McDonald and the
complainant were in the shower for approximately five minutes and then moved to
the bed where McDonald again had the complainant insert his penis into
McDonald’s anus.  The entire encounter
lasted approximately fifteen minutes.

          Upon
returning home at the end of the weekend, the complainant did not tell his
mother what had happened because he did not want to get the men into trouble.  The complainant did, however, confide in a
friend of the family.  The complainant’s
mother eventually learned what had happened and immediately reported the
incident to the Baytown Police Department. 
The police later arrested McDonald.

Analysis

Commitment Question

          In
his first issue, McDonald contends the trial court erred in allowing the State,
over his objection, to pose an improper commitment question to the venire
panel.  At the beginning of voir dire,
the State informed the prospective jurors that the case involved aggravated
sexual assault, which is “penetrating the mouth, sexual organ or anus of a
child under 14[, o]r the other way around, causing the child to penetrate or
contact the mouth, sexual organ or anus of the defendant.”  The State then discussed with the venire
members the “one witness rule”[1]
and the concept of “delayed outcry”[2]
without any objection from the defense. 
Thereafter, the following exchange occurred:

MR. WEISSFISCH:        Okay.  How many people -- let me just ask you, each
one of you, real quickly.  Do you think
it’s likely that a child will make up allegations of sexual abuse or
unlikely?  We’re talking about a child
under 14.  What do you think?

 

MR. SCOTT:        I
will object to the form of the question. 
Obviously, trying to lock the potential jurors into a particular
situation.

 

THE COURT:       Why
don’t you restate the question.

 

MR. WEISSFISCH:        Just
your general feeling.  Do you feel that
children likely will make up sexual abuse or unlikely?

 

MR. SCOTT:        Please
the Court.  Same question.  I object to it, locking the jurors into a
particular situation.

 

THE COURT:       I’ll overrule it.

The State proceeded to ask each
prospective juror individually whether he or she thought it was likely or
unlikely that children would make up sexual abuse.

          McDonald
contends this question constitutes an improper commitment question.  See Standefer v. State, 59 S.W.3d 177
(Tex. Crim. App. 2001).  According to
McDonald, the State’s question was tantamount to asking the venire members if
they were likely to believe the one witness whom the State would call to
testify.

          Questions
during voir dire are proper if they seek to discover a juror’s views on an
issue applicable to the case.   Barajas
v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002) (citing Smith v. State,
703 S.W.2d 641, 643 (Tex. Crim. App. 1985)). 
Voir dire examination permits the parties to assess the desirability of
prospective jurors and to select a “competent, fair, impartial, and
unprejudiced jury[.]”  Staley v. State,
887 S.W.2d 885, 896 (Tex. Crim. App. 1994) (citation omitted).  Because a trial court has broad discretion
over the process of selecting a jury, an appellate court should not disturb a
trial court’s ruling on the propriety of a particular question during voir dire
absent an abuse of discretion.  Barajas,
93 S.W.3d at 38.

          An
attorney may not, however, “attempt to bind or commit a venire member to a
verdict based on a hypothetical set of facts.” 
Lydia v. State, 109 S.W.3d 495, 497 (Tex. Crim. App. 2003).  “Commitment questions are those that commit a
prospective juror to resolve, or to refrain from resolving, an issue a certain
way after learning a particular fact.”  Standefer,
59 S.W.3d at 179.  Although these types
of questions generally “elicit a ‘yes’ or ‘no’ answer, an open-ended question
can be a commitment question if the question asks the prospective juror to set
the hypothetical parameters for his decision-making.”  Id. at 180.  Commitment questions that attempt to bind
prospective jurors to a position, using a hypothetical or otherwise, are
improper and “serve no purpose other than to commit the jury to a specific set
of facts before the presentation of any evidence at trial.”  Lydia, 109 S.W.3d at 497.

          In
Standefer, the Texas Court of Criminal Appeals articulated a three-prong
test for determining whether a voir dire question calls for an improper
commitment.  Standefer, 59 S.W.3d
at 179–83.  The first prong requires the trial
court to decide whether a particular question is a commitment question.  Id. at 179–81.  If the court determines that a particular
question is a commitment question, the second prong requires the court to
consider whether the question leads to a valid challenge for cause.  Id. at 181–82.  If the question meets the “challenge for cause”
requirement, the third prong requires the court to determine whether the
question includes only those facts necessary to test whether a prospective
juror is challengeable for cause.  Id.
at 182–83.

          The
question at issue in the present case is: “Do you feel that children likely
will make up sexual abuse or unlikely?” 
In considering the first prong of the Standefer test, we conclude
that this is not a commitment question. 
The question does not ask the venire members to resolve, or to refrain
from resolving, an issue a certain way after being informed of a particular
set of facts.  See Standefer, 59
S.W.3d at 179.  Rather, the question
merely asks the prospective jurors whether they think it is likely or unlikely
that children generally will fabricate allegations of sexual abuse.  See Vrba v. State, 151 S.W.3d 676,
678–79 (Tex. App.—Waco 2004, pet. ref’d) (holding that question “What are some
signs that somebody is intoxicated?” is not commitment question because “it
seeks only the jurors’ general views on signs of intoxication”).  “An improper commitment question attempts to
create a bias or prejudice in the venireman before he has heard the evidence,
whereas a proper voir dire question attempts to discover a venireman’s
preexisting bias or prejudice.”  Sanchez
v. State, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005).  Here, the State’s question attempts to
discover whether any of the prospective jurors harbor a pre-existing bias or
prejudice concerning the likelihood of children in general fabricating sexual
abuse allegations.  The question does not
ask the prospective jurors to commit to any particular set of facts—let alone
the facts of this case—and thus it is not an improper attempt to bind the
jurors under Standefer.[3]  Accordingly, we overrule McDonald’s first
issue.

Improper Jury Argument

          In
his second and third issues, McDonald contends two portions of the State’s
closing argument during the guilt-innocence phase of trial were improper and
violated his right to a fair trial. 
McDonald first contends the following jury argument misrepresented Texas
law: “Then what other evidence might we want? 
What about those porno tapes? 
Well, we can’t get those.  We
can’t get a search warrant to go in his house and get the porno tapes.  Porno tapes aren’t illegal to have.”  According to McDonald, this statement
misrepresents Texas law because the State could have seized the tapes if they had
been instruments used in the commission of the crime.

          McDonald,
however, did not object to this argument. 
As a prerequisite to presenting a complaint for appellate review, the
record must show that the complaint was made to the trial court by a timely
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1).  “[A] defendant’s failure to object to a jury
argument . . . forfeits his right to complain about the argument on appeal.”  Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996); see also Bias v. State, 937 S.W.2d 141, 144
(Tex. App.—Houston [1st Dist.] 1997, no pet.) (holding that there is no issue
presented for review when no objection is made, even though jury argument might
be incurably harmful).

          Citing
to Burke v. State, 652 S.W.2d 788 (Tex. Crim. App. 1983), McDonald
asserts that the State’s jury argument requires reversal because it is
“manifestly improper.”  The Texas Court
of Criminal Appeals, however, recently rejected a similar argument in Threadgill
v. State, 146 S.W.3d 654 (Tex. Crim. App. 2004).  In Threadgill, the appellant relied on
Janecka v. State, which the Texas Court of Criminal Appeals decided
after Cockrell, and in which the court stated, “‘[w]ithout timely and
specific objections, the question of allegedly improper closing arguments is
not preserved for review unless manifestly improper.’”  Threadgill, 146 S.W.3d at 670 (quoting
Janecka v. State, 937 S.W.2d 456, 474 (Tex. Crim. App. 1996)).  The Threadgill court observed that
“[i]f the Court had intended in Janecka to reinstate the pre-Cockrell
rule just five days after the mandate issued in Cockrell, it would have
expressly stated so.  This Court has
followed Cockrell many times.”  Id.
(citation omitted).  After noting that
the statement in Janecka was mere dictum, the Court of Criminal Appeals
announced that “Cockrell remains the law.”  Id. 
Accordingly, we follow Cockrell and hold that, by failing to
object, McDonald forfeited his right to complain about the State’s jury
argument on appeal.

          In
his third issue, McDonald contends the following portion of the State’s closing
argument was improper, inflammatory, and prejudicial:

          Sometimes
one or two of you may try to take the easy way out.  You get an idea.  I’ve heard it happen before, seen it happen
before.

 

          We’re
going to say not guilty, let the guy go. 
But we’ll tell that prosecutor, hey, we believe the child.  We just didn’t think it was beyond a
reasonable doubt.  And could you please
tell him we believe him so he doesn’t feel bad.

 

          Don’t
do that.  You want to come out here and
tell me afterwards when we talk that, hey, we thought he was a big liar, he
made up the whole thing, that’s why we found him not guilty.  That’s fine. 
That’s what you’re supposed to do. 
You think he’s lying, let this guy go.

 

          Don’t
say, we knew it happened, we believed it happened, we believed the child.  But we didn’t think it was beyond a
reasonable doubt.

 

          Because
if you believe it happened, that means the evidence, the testimony that you
heard which is evidence is beyond a reasonable doubt.  It was strong enough to convince you, to make
you believe it happened.  So that is
beyond a reasonable doubt.  That’s what
it means.  Okay.

 

. . . .

 

You either say, [complainant], we don’t believe
you.  We think you’re a liar.  We don’t care what you’ve been through.  We don’t care about all of you.  Just get out of here, we don’t want to see
you again.

 

Or you can say we appreciate you having the courage to
come forth.  We’re sorry for everything
you’ve been through.  And we do believe
you and we’re going to return a verdict that does justice in this case.

 

McDonald contends this argument was
improper because it inflamed the jurors’ emotions and “beseech[ed] them to
render a verdict based on [the] emotional effect it would have on a young boy
rather than on the evidence.”

          Again,
however, McDonald failed to object to this jury argument.  In his brief, McDonald acknowledges that he
failed to object, but asserts that the failure to object is not fatal when the
State’s argument is so prejudicial that no instruction could cure the harm.

          The
Texas Court of Criminal Appeals rejected this argument in Cockrell.  Specifically, the court held as follows:

In this case, appellant’s complaint on appeal is that
the prosecutor’s . . . arguments exceeded the permissible bounds of jury
argument and that the error in these arguments could not have been cured by an
instruction to disregard.  However, a
defendant’s “right” not to be subjected to incurable erroneous jury arguments
is one of those rights that is forfeited by a failure to insist upon it.  Therefore, we hold a defendant’s failure to
object to a jury argument . . . forfeits his right to complain about the
argument on appeal.  Any prior cases to
the contrary . . . are expressly overruled. 
Before a defendant will be permitted to complain on appeal about an
erroneous jury argument or that an instruction to disregard could not have
cured an erroneous jury argument, he will have to show he objected and
pursued his objection to an adverse ruling.

 

Cockrell, 933 S.W.2d at 89 (emphasis added) (internal
citations omitted); accord Mathis v. State, 67 S.W.3d 918, 926–27 (Tex.
Crim. App. 2002) (expressly declining to overrule Cockrell although
appellant asserted State’s reference to him as “despicable piece of human
trash” in closing argument was so inflammatory and prejudicial that it could
not be cured by instruction to disregard and thus it would be “pointless” to
require appellant to object to preserve error); Boston v. State, 965
S.W.2d 546, 549 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (relying on Cockrell
to reject appellant’s assertion that objection was not necessary to preserve
error because State’s argument was so prejudicial that instruction to disregard
could not have cured harm).

          Therefore,
we hold that McDonald forfeited his right to complain about the State’s closing
argument by failing to object at trial. 
Accordingly, we overrule McDonald’s second and third issues.

 

 

 

 

 

 

Conclusion

          We
conclude that McDonald’s complaints on appeal are without merit and therefore
affirm the judgment of the trial court.

 

 

 








                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Publish.  Tex.
R. App. P. 47.2(b).











[1] A prospective juror may be subject to challenge for
cause if he indicates that he could not convict the defendant based on the
testimony of one witness, even though he believes that witness beyond a
reasonable doubt.  Lee v. State, No.
01-03-00654-CR, slip op. at 13–14, 2004 WL 2611869, at *6 (Tex. App.—Houston
[1st Dist.] Nov. 18, 2004, pet. granted) (citing Castillo v. State, 913
S.W.2d 529, 533 (Tex. Crim. App. 1995)).

 





[2] “Delayed outcry” means that in some cases, victims of
sexual abuse do not reveal the abuse to anyone until much later.  See Gurka v. State, 82 S.W.3d 416,
419–20 (Tex. App.—Austin 2002, pet. ref’d) (citing testimony regarding reasons
for delayed outcry by young victims of sexual abuse).





[3] We note that in Standefer, the Texas Court of
Criminal Appeals approved a question similar to the one at bar.  See Standefer v. State, 59
S.W.3d 177, 183 n.28 (Tex. Crim. App. 2001) (observing that “a question in a
child-molestation case which inquires whether the juror believes that no child
could/would lie about such a thing” is proper) (internal quotation omitted).