In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-040 CR


____________________



BRANDON MONROE LYONS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 05-01-00301-CR






 MEMORANDUM OPINION


 A jury found Brandon Monroe Lyons guilty of driving while intoxicated (subsequent
offense). See Tex. Pen. Code Ann. §§ 49.04(b), 49.09(2) (Vernon 2003 & Supp. 2006). 
The trial court sentenced Lyons to five years in prison and probated the sentence. Lyons
appeals.

 Bringing a single issue for our review, Lyons contends the prosecutor improperly
attempted to commit the venire members to a definition of intoxication. Lyons challenges
three specific questions that the prosecutor asked during voir dire. The State argues that
Lyons did not preserve his objection to the first question and that the remaining two
questions are not improper commitment questions.

Question One


 [Prosecutor]: Do y'all -- now that we have talked about how driving uses the
mind and uses the body, do you see why we said that if you have lost the
normal use of your mental or your physical faculties? Does everyone agree
with that? Mr. -- Mr. [juror], what do you think about this definition?


 [Juror]: I agree with it wholeheartedly. 


 Defense counsel did not object to this question. Instead, he raised his first objection
when the prosecutor asked her next question. Thus, Lyons did not preserve his claim that
Question One asked for an improper commitment. See Tex. R. App. P. 33.1(a); Halprin v.
State, 170 S.W.3d 111, 119 (Tex. Crim. App. 2005).

Question Two 


 [Prosecutor]: Now, what are some of the things you would expect to be able
to detect that someone has lost the normal use of their mental or physical
faculties? Just using your common sense, what are some of the signs that you
might look for? 


 [Defense]: Your Honor, I object under Standefer [v. State, 59 S.W.3d 177
(Tex. Crim. App. 2001)] and Lydia [v. State, 109 S.W.3d 495 (Tex. Crim. App.
2003)]. 


Question Three 



 [Prosecutor]: One of the things that I am always curious to know is going back
to how I said the difference between being sloppy, falling-down drunk and just
intoxicated. . . . If [juror A] is the sloppy, falling-down drunk lady, okay, and
[juror B] has had nothing to drink and has had no medication, nothing in him,
and up -- [juror C] has had a little bit to drink, [juror D's] had a little bit more
than [juror C] and [juror E's] had a little bit more than [juror D], where do you
think on this spectrum that intoxication lies?


 [Defense]: Objection under Standefer and Lydia.


The trial court overruled Lyons's objection to Questions Two and Three.


 We review a trial court's ruling on an allegedly improper commitment question for
an abuse of discretion. Barajas v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002) ("We
leave to the trial court's discretion the propriety of a particular question and the trial court's
discretion will not be disturbed absent an abuse of discretion."). In Standefer v. State, the
Texas Court of Criminal Appeals announced a two-part test for determining if a voir dire
question calls for an improper commitment. 59 S.W.3d at 182-83. First, we must consider
whether the question is a commitment question and, second, whether the question includes
only the facts that would lead to a valid challenge for cause. Id. "If the answer to [question
one] is 'yes' and the answer to [question two] is 'no,' then the question is an improper
commitment question, . . . ." Id.

 "'[A]n attorney cannot attempt to bind or commit a prospective juror to a verdict
based on a hypothetical set of facts.'" Id. at 179 (quoting Allridge v. State, 850 S.W.2d 471,
480 (Tex. Crim. App. 1991), cert. denied, 510 U.S. 831, 114 S.Ct. 101, 126 L.Ed.2d 68
(1993)). "Commitment questions are those that commit a prospective juror to resolve, or to
refrain from resolving, an issue a certain way after learning a particular fact." Id. Such
questions seek promises from venire members that they will base their verdict on specific
facts before having heard the evidence. Sanchez v. State, 165 S.W.3d 707, 712 (Tex. Crim.
App. 2005).

 Under Standefer, we first consider whether Questions Two or Three are commitment
questions. 59 S.W.3d at 182-83. Question Two asked the venire members to identify "things
you would expect to be able to detect that someone has lost the normal use of their mental
or physical faculties? Just using your common sense, what are some of the signs that you
might look for?" Question Two is not a commitment question "because it seeks only the
jurors' general views on signs of intoxication." See Vrba v. State, 151 S.W.3d 676, 678-79
(Tex. App.-Waco 2004, pet. ref'd). The trial court did not abuse its discretion in overruling
Lyons's objection to Question Two. 

 The prosecutor's introduction to Question Three presented possible stages of
intoxication ranging from a "sloppy, falling-down drunk" to several persons who
progressively had "a little bit more" to drink and ranging on to a person who had nothing to
drink. Then, the prosecutor asked where "on this spectrum" would intoxication be. The
question did not refer to specific amounts of alcohol and used hypothetical facts; thus, the
question did not seek a commitment to resolve the intoxication issue "after learning a
particular fact." See Standefer, 59 S.W.3d at 179. Further, the prosecutor explained: 

 Well, everyone handles alcohol differently. It could be that someone who
never drinks could have one drink and be .08. It could be that someone who
drinks frequently all the time has built up a tolerance, and it could be that
[juror E] is just starting to show intoxication depending on what she does. It
could be that [juror C] never ever drinks at all and with one drink he's lost his
normal use of his mental or physical faculties. 


Thus, the question's context included the concept that the amount of alcohol consumed, by
itself, might not be completely reliable in resolving the question of whether a particular
person was intoxicated. See Halprin, 170 S.W.3d at 119 (Voir dire record's totality "reflects
that the prosecution explained that the veniremember should have an open mind and consider
all of the evidence. . . ."). Question Three is not a commitment question and the trial court
did not abuse its discretion in overruling Lyons's objection. 

 Lyons's sole appellate issue is overruled. The trial court's judgment is affirmed. AFFIRMED.

 

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on February 16, 2007

Opinion Delivered June 6, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.