Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## OPINION

No. 04-09-00605-CR

Ivan William **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-8845
Honorable George H. Godwin, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:         Catherine Stone, Chief Justice
                  Sandee Bryan Marion, Justice
                  Steven C. Hilbig, Justice

Delivered and Filed:   August 1, 2012

REVERSED AND REMANDED

This appeal is on remand from the Court of Criminal Appeals. Appellant, Ivan Sanchez, challenges his conviction of four counts of indecency with a child by sexual contact and one count of aggravated sexual assault of a child. The only issue to be addressed on remand is whether the unconstitutional admission of an outcry witness's pre-trial testimony was harmful error. Because we conclude that the admission of the testimony was harmful, we reverse and remand for a new trial.

## PROCEDURAL BACKGROUND

In 2006, appellant was indicted on ten counts of indecency with a child by sexual contact and seven counts of aggravated sexual assault of a child, his step-daughter. The State initially served notice on appellant that Jennifer Guzman would serve as its outcry witness.[1] Almost two years later, the State filed a pretrial notice designating Angelica Newsome and Terry Melendez as its outcry witnesses.[2] In the second notice, the State stated that its review of the complainant's counseling records revealed Guzman was not the first adult told of the offense. Instead, Newsome and Melendez were the first adults to whom the complainant made her outcry.

Appellant, however, challenged these witnesses, arguing that only one outcry witness per occasion is allowed under article 38.072 of the Texas Code of Criminal Procedure and requested a hearing on the issue. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072. At the May 20, 2009 pretrial hearing, complainant testified about the abuse and Newsome testified about the outcry statement made to her by the complainant. At the conclusion of the hearing, the prosecutor stated as follows:

> Your Honor, that is all the witnesses the state has. The other designated outcry witness originally was . . . Jennifer Guzman. Jennifer Guzman, who the complainant has testified she told subsequent to Ms. Newsome, is the witness that we are seeking to attach down in Atascosa County right now. As I checked this morning, the sheriffs there still had not been able to find her. However, based on the testimony, the state would submit that the proper outcry witness is Ms. Newsome.

The trial court agreed that Newsome was the proper outcry witness. However, Newsome did not testify at trial because the trial court found her unavailable after a psychiatric evaluation

---

[1] An outcry witness, under article 38.072 of the Code of Criminal Procedure, is the first adult to whom a child or disabled individual describes being the victim of certain crimes, including sexual assault and indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West 2005). The testimony of an outcry witness is an exception to the hearsay rule if it concerns the victim's out-of-court description of the offense.

[2] Melendez did not testify at trial.

determined she was incompetent to testify at trial. Instead, at trial, the State called Guzman to the stand. At the start of her testimony, the trial court also admitted into evidence, over appellant's objection, two pages of Guzman's hand-written notes, which she identified as notes taken from her calendar on which she claimed she wrote everything. Three of the hand-written entries referenced the assault. Appellant objected to the notes. Additionally, over appellant's objection, the trial court allowed the State to read into evidence the testimony Newsome gave at the May 20, 2009 pretrial hearing during which Newsome testified about the outcry statement made to her.

In the original appeal to this court, appellant argued that Guzman was not a proper outcry witness, thus her testimony and notes about the complainant's outcry were inadmissible hearsay. *Sanchez v. State*, 335 S.W.3d 256, 259–60 (Tex. App.—San Antonio 2010), *rev'd*, 354 S.W.3d 476 (Tex. Crim. App. 2011). Appellant also argued that reading Newsome's pre-trial testimony to the jury violated his constitutional right to confront his accusers because he did not have an adequate opportunity to cross-examine Newsome at the pre-trial hearing. *Id.* at 263. We agreed with appellant that Guzman was not a proper outcry witness and that her testimony constituted inadmissible hearsay. *Id.* at 262. However, we determined that the error was harmless because the complainant and the Sexual Assault Nurse Examiner ("SANE nurse") "testified about the same matter, in more detail, and without objection." *Id.* at 262–63.

In regards to Newsome, we concluded that the pre-trial testimony of Angelica Newsome, an outcry witness who was unavailable at trial, was admissible and did not violate the appellant's confrontation rights. *Id.* at 263–64. However, the Court of Criminal Appeals determined that the admission of Newsome's pre-trial testimony did not provide appellant with an adequate opportunity to cross-examine her credibility. *Sanchez v. State*, 354 S.W.3d 476, 489 (Tex. Crim.

App. 2011). The Court of Criminal Appeals ruled this violated the Sixth Amendment and remanded the cause to this court for "an analysis of the harm caused by the unconstitutional admission of Newsome's pre-trial testimony." *Id.*

## HARMLESS ERROR ANALYSIS

A constitutional error that is subject to a harmless error review requires a reversal of the conviction unless we determine beyond a reasonable doubt that the error did not contribute to the conviction. TEX. R. APP. P. 44.2(a). The ultimate question is whether the asserted error, within the context of the entire trial, moved the jury from a state of non-persuasion to one of persuasion on a particular issue. *Davis v. State*, 203 S.W.3d 845, 852–853 (Tex. Crim. App. 2006). To evaluate this we look at: (1) the importance of the witness's testimony; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; and (4) the overall strength of the prosecution's case. *Id.*

The emphasis of the harm analysis "should not be on the propriety of the outcome of the trial." *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007) (internal quotations omitted). "Instead, the question is the likelihood that the constitutional error was actually a contributing factor in the jury's deliberations in arriving at that verdict—whether, in other words, the error adversely affected 'the integrity of the process leading to the conviction.'" *Id.* (quoting *Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989)). In determining this, the reviewing court may also consider "the source and nature of the error, to what extent, if any, it was emphasized by the State, and how weighty the jury may have found the erroneously admitted evidence to be compared to the balance of the evidence with respect to the element or defensive issue to which it is relevant." *Id.*

## A. Importance of Witness's Testimony

The State argues that Newsome's testimony was unimportant because it did not contribute to appellant's conviction. In other words, the State contends that because Newsome only testified to one specific incident of sexual assault—aggravated sexual assault of a child by penetration with his sex organ—and the jury found appellant not guilty on this count, then Newsome's testimony did not contribute to the jury's guilty verdict on the other counts. We disagree with the State.

Although appellant was not convicted on this count, Newsome's testimony, based on what the complainant told her, that appellant picked the complainant "up out of that room and [took her] to another room and raped [her]," lent credibility to the other allegations in the indictment. Newsome's testimony also related to the jury the statements made by complainant near the date of the alleged offenses. More importantly, Newsome testified to complainant's relationship with appellant—her stepfather—noting that complainant's behavior changed around the time complainant stated the sexual abuse started. Further, in addition to Newsome's pre-trial testimony being read to the jury during trial, a transcript of it was given to the jury to consider in their deliberations. We have already determined that Guzman's outcry testimony was admitted in error and should not have been considered by the jury. We conclude Newsome's testimony was important because she was the only person to testify to the change in complainant's behavior and her testimony lent credibility to the complainant's accusations.

## B. Whether the Testimony Was Cumulative

In some regards, Newsome's testimony was cumulative of the complainant's testimony. "However, 'outcry' testimony is necessarily cumulative of a complainant's testimony." *Shelby v. State*, 819 S.W.2d 544, 551 (Tex. Crim. App. 1991) (citing TEX. CODE CRIM. PROC. ANN. art.

38.072). On the other hand, Newsome's testimony regarding her own close relationship with the complainant, her observation of the complainant's relationship with appellant, who was her step-father, and the complainant's change in behavior, was not cumulative of either the complainant's or the SANE nurse's testimony.

**C. The Presence or Absence of Other Corroborating or Contradicting Evidence**

Because Guzman's testimony was inadmissible, only the complainant's and the SANE nurse's testimony corroborated parts of Newsome's testimony. However, contradicting evidence came from appellant's sister, Jennifer Gonzalez, and appellant's daughter, Bethany Sanchez. Both Gonzalez and Sanchez testified that the complainant recanted her story to them and both testified that the complainant told them that her mother made her accuse appellant of the abuse.

**D. Overall Strength of State's Case**

Here, the State's case rested solely on the complainant's credibility because no physical evidence of the sexual abuse existed. The SANE nurse simply testified to: the complainant's answers in her medical exam questionnaire, her observation of the complainant during the exam, and that she could not determine the cause or timing of a healed tear in the complainant's vagina because the complainant had admitted to consensual sexual activity prior to her examination. Secondly, the testimony of Gonzalez and Sanchez contradicted the complainant's allegations. Thus, we conclude the State's case was not particularly strong because the evidence ultimately hinged only on the credibility of the complainant.

Additionally, in considering other factors, we note that Newsome's testimony was emphasized by the State in both opening and closing arguments, as well as being read directly into evidence. In the opening, the State told the jury: "Ms. Newsome had known [the complainant] since she was in the second grade [and] will tell you, I believed it and I tried to act

on it." Thus, Newsome's testimony would be especially probative for the jury's credibility determination of complainant, considering the relationship and length of time Newsome had known complainant—who was eighteen years old at the time of trial. In closing, the State again emphasized Newsome's pretrial testimony when the prosecutor re-read her testimony concerning the complainant's change in behavior and then asked the jury to go back and review it during deliberations.

Ultimately, the State's case hinged on the jury believing the complainant's testimony. Credibility of the complainant was important given the lack of physical evidence and the conflicting testimony of the defense's witnesses. *See Saglimbeni v. State*, 100 S.W.3d 429, 436 (Tex. App.—San Antonio 2002, pet ref'd); *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (noting most sexual abuse cases hinge on credibility because the trial is generally a swearing match between the complainant and the defendant). Newsome's credibility was also essential to the State's case because her testimony lent credibility to the complainant's statements. Newsome's credibility might have been in issue, especially considering that she admitted in the pre-trial hearing to suffering from seizures and that "certain things are kind of foggy." Appellant was not able to question the impact of the seizures on Newsome's memory or ask about any alternative reasons why the complainant's behavior may have changed. Thus, we conclude there is a reasonable probability Newsome's testimony "moved the jury from a state of non-persuasion to one of persuasion." *See Scott*, 227 S.W.3d at 690.

Accordingly, in reviewing Newsome's pre-trial testimony and comparing this with: the importance of her outcry testimony; her testimony regarding complainant's relationship with her father and her changed behavior; and the overall weakness of the State's case without her testimony, we cannot conclude beyond a reasonable doubt that the denial of appellant's

fundamental right to cross-examination, guaranteed by the Confrontation Clause of the Sixth Amendment, was harmless. *See id.*

## CONCLUSION

We reverse the judgment of the trial court and remand the case to the trial court for a new trial.

Sandee Bryan Marion, Justice

PUBLISH