

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00360-CR

Ivan William **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR8845
Honorable Ron Rangel, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed:  July 26, 2017

AFFIRMED

Ivan William Sanchez was convicted by a jury of three counts of indecency with a child

and one count of aggravated sexual assault of a child.[1]  The complainant was Sanchez's step-

daughter.  The jury assessed a sentence of fifty years' imprisonment for the aggravated sexual

assault offense and three sentences of twenty years' imprisonment for the indecency with a child

offenses, and the trial court ordered the sentences to run concurrently.  On appeal, Sanchez

---

[1] This was Sanchez's second trial for these offenses.  This court reversed the judgment from the first trial and remanded the cause for a new trial.  *See Sanchez v. State*, 383 S.W.3d 211 (Tex. App.—San Antonio 2012, no pet.).

contends the trial court abused its discretion in allowing the prosecutor to ask an improper commitment question during voir dire. Sanchez also contends the trial court erred in denying a mistrial after trial counsel admitted he erroneously advised Sanchez that the jury could assess community supervision. We affirm the trial court's judgment.

## VOIR DIRE QUESTION

In his first issue, Sanchez contends the trial court abused its discretion in allowing the prosecutor to ask an improper commitment question during voir dire. Specifically, Sanchez complains the following question was improper:

> [Prosecutor]: Do you guys think that a person — let's say a person has a two-parent home or — well, strike that.
> How many of you believe that relatives sometimes abuse children? You know, people always make the joke about, hey, don't hang out with Uncle Bob by yourself, you know, people always, you know, will tell jokes about the creepy uncle or something like that. How many think that fathers can sometimes abuse children? Okay. And just any type of relative, cousins, aunts, just anybody; right? So do you think it's easier to abuse a child if maybe that child is in a broken home? How many of you think it's easier?
> [Defense Counsel]: Judge, that is an improper commitment question, and that's case specific and it doesn't lead to an exclusion.
> [Prosecutor]: Your Honor, it's not case specific and it's not a commitment question.
> THE COURT: Overruled.
> [Prosecutor]: Now, in regards to children, you guys just answered my last question and you said that maybe it's like the child who is just allowed to be out there and they don't have parents who are constantly watching them. ….

The trial court has broad discretion over the process of selecting a jury during voir dire, which includes the discretion to determine the propriety of a particular question. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002); *Boutang v. State*, 402 S.W.3d 782, 790 (Tex. App.— San Antonio 2013, pet. ref'd). The trial court's discretion will not be disturbed on appeal unless the trial court abused its discretion. *Barajas*, 93 S.W.3d at 38; *Boutang*, 402 S.W.3d at 790.

We apply the following two part test in determining whether a voir dire question calls for an improper commitment: (1) Is the question a commitment question, and (2) Does the question

include only those facts that lead to a valid challenge for cause? *Standefer v. State*, 59 S.W.3d 177, 182 (Tex. Crim. App. 2001). "If the answer to (1) is 'yes' and the answer to (2) is 'no,' then the question is an improper commitment question, and trial court should not allow the question." *Id*. at 182-83.

"Commitment questions are those that commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact." *Id*. at 179. "A question is proper if it seeks to discover a juror's views on an issue applicable to the case." *Barajas*, 93 S.W.3d at 38. "An otherwise proper question is impermissible, however, if it attempts to commit the juror to a particular verdict based on particular facts." *Id*.

In this case, the prosecutor's question sought to elicit the prospective jurors general views on types of children who may be more susceptible to abuse. It did not commit the prospective jurors to resolving whether a child was abused based on the fact that the child was in a broken home. Therefore, the question was not a commitment question. *See Wingo v. State*, 189 S.W.3d 270, 272 (Tex. Crim. App. 2006) (noting inquiries into a jurors' general beliefs as to wrongness of conduct was not a commitment question); *Vrba v. State*, 151 S.W.3d 676, 678-79 (Tex. App.— Waco 2004, pet. ref'd) (holding question seeking jurors' general views on signs of intoxication was not a commitment question); *see also Manderscheid v. State*, No. 14-12-00579-CR, 2013 WL 6405470, at *2 (Tex. App.—Houston [14th Dist.] Dec. 5, 2013, no pet.) (not designated for publication) (holding trial court did not abuse its discretion in allowing State's question regarding whether child is more likely to be assaulted in a broken home because the question would aid the State's use of peremptory challenges). Sanchez's first issue is overruled.

## MISTRIAL

In his second issue, Sanchez contends the trial court erred in not granting a mistrial after his attorney admitted he erroneously advised Sanchez that a jury could sentence him to community supervision.

During the punishment phase of trial, Sanchez presented several witnesses who testified in favor of Sanchez being placed on probation. Sanchez also testified, acknowledging the trial judge could impose numerous specific conditions if the jury recommended probation and stating he would comply with the conditions. After both sides rested and the jury exited the courtroom, the trial judge announced he did not believe Sanchez was eligible for probation because of a prior conviction. Defense counsel responded that his understanding was that Sanchez was eligible, and he proceeded "in the manner in which we have" based on that understanding. During the charge conference the following morning, defense counsel moved for a mistrial, stating:

> I just received the new proposed charge and I reviewed it. It has taken out all language regarding probation. Yesterday we discussed my understanding that he was eligible for probation. I understand the Court's position, but at this juncture, then, because of that, I'm going to ask for a mistrial. That's the only cure that I see that we can go forward.
> Mr. Sanchez went forward thinking he was eligible based on my advice, counsel, and that's not where we're at, and the only cure is to declare a mistrial, start over and appoint new counsel.

After further discussion, the trial court denied the mistrial.

We review a trial court's denial of a motion for a mistrial under an abuse of discretion standard and uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010); *Lopez v. State*, 261 S.W.3d 103, 106 (Tex. App.—San Antonio 2008, pet. ref'd). In this case, Sanchez requested the mistrial because his counsel rendered ineffective assistance in advising him that the jury could assess community supervision.

We apply the two-prong *Strickland v. Washington* test in evaluating claims of ineffective assistance of counsel. 466 U.S. 668, 687-88, 694 (1984). Under the first prong, an appellant must show counsel's representation fell below an objective standard of reasonableness. *Id*. at 687-88. In this case, trial counsel admitted on the record that he erroneously advised Sanchez that the jury could assess community supervision; therefore, we hold the first prong of the *Strickland* test was met. *See Riley v. State*, 378 S.W.3d 453, 459 (Tex. Crim. App. 2012) (holding first prong of *Strickland* met when trial counsel gave incorrect advice regarding probation).

Under the second prong of *Strickland*, Sanchez had the burden to show trial counsel's deficient performance prejudiced him by showing a reasonable probability that the outcome of the trial would have been different but for counsel's errors. 466 U.S. at 694. In his brief, Sanchez argues he was prejudiced with respect to the "presentation of evidence at the punishment phase of trial."[2]

A defendant is not eligible for community supervision based on a jury recommendation if the defendant is sentenced to a term of imprisonment that exceeds ten years. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(d)(1) (West Supp. 2016). In *Ex parte Cash*, 178 S.W.3d 816, 818 (Tex. Crim. App. 2005), the Texas Court of Criminal Appeals considered whether trial counsel was ineffective for failing to file a proper motion for probation prior to trial. Addressing only the second prong of *Strickland*, the court held that any finding that the sentencing jury would have recommended probation if the issue had been submitted to it would be based on pure speculation and conjecture, especially since the jury sentenced the defendant to forty years in prison. *Id*. at

---

[2] Sanchez also argues he was prejudiced "with respect to his decision making process vis-à-vis plea negotiations." The prosecutor, however, noted on the record that Sanchez rejected a plea bargain offer pursuant to which Sanchez's sentence would be satisfied by time served because Sanchez was concerned with having to register as a sex offender. Although defense counsel argued a different reason for Sanchez's rejection of the offer, the trial court could have determined that Sanchez's decision during plea negotiations was not influenced by whether a jury could assess probation. *See Riley*, 378 S.W.3d at 457-58 (noting appellate court defers to trial court's determination of historical facts when standard of review is abuse of discretion).

818-19; *see also Sifuentes v. State*, 494 S.W.3d 806, 815 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding "any failure on trial counsel's part to establish probation eligibility was inconsequential" where jury assessed punishment at sixteen years' confinement); *Gonzalez v. State*, 748 S.W.2d 510, 512-13 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd) (overruling ineffective assistance claim when forty year sentence assessed by the jury made defendant ineligible to receive probation). Similarly, in this case, the jury assessed fifty year and twenty year sentences, and any finding that the jury might have assessed a different sentence if Sanchez had presented other evidence during the punishment phase would also be based on pure speculation and conjecture. Therefore, Sanchez has failed to establish the second prong of the *Strickland* test, and Sanchez's second issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Irene Rios, Justice

DO NOT PUBLISH